**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:09-cv-02981 |
| v. | ) | Judge: Der-Yeghiayan |
| | ) | |
| SC & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

# CONTENTS

I.   INTRODUCTION

II.  BRIEF MEMORANDUM OF APPLICABLE LAW

   A. Violation of the Fair Debt Collection Practices Act (FDCPA)

   B. Damages under the FDCPA

III. PLAINTIFF'S CLAIM FOR DAMAGES

IV.  ATTESTATION OF THE FACTS

   Affidavit of Plaintiff (attached hereto as **Exhibit A**)

V.   ATTORNEYS' FEES & COURT COSTS

   Summary of Attorneys' Fees
   (Comprehensive listing attached hereto as **Exhibit B**)

VI.  PRAYER FOR RELIEF

## I. INTRODUCTION

Plaintiff, KEVIN CANNON, filed the Complaint in this matter alleging, *inter alia*, that Defendant, SC & ASSOCIATES, LLC, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

On July 9, 2009, Plaintiff filed a Motion to Default Defendant due to Defendant's failure to answer or otherwise plead. Said Motion was granted and on July 28, 2009, a Default was entered against Defendant. Plaintiff now moves for the entry of a Default Judgment by the Court.

## II. BRIEF MEMORANDUM OF APPLICABLE LAW

### A. Violation of the Fair Debt Collection Practices Act (FDCPA)

Plaintiff's Complaint alleges that Defendant violated the FDCPA by the manner with which it attempted to collect an alleged debt from Plaintiff.

Specifically, Plaintiff's Complaint alleges that Defendant violated the FDCPA as follows:

a. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

d. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

i. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

B. **Damages under the FDCPA**

The Fair Debt Collection Practices Act provides for the payment of a statutory damage of no less than $100.00 and no more than $1,000.00. 15 U.S.C. §1692k.

The aforesaid section of the FDCPA states: *"Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of:*

**(1)** *any actual damage sustained by such person as a result of such failure;*

**(2)(A)** *in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;*

As noted by myriad courts ruling on FDCPA claims, emotional distress damages are actual damages deserving of compensation. A plethora of cases, similar in nature to that of the Plaintiff in the present case, have resulted in the finding of actual damages in favor of the Plaintiffs. See *Anderson v. Conwood Co.,* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); *Stevenson v. TRW,* 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment

damages, plus $20,700 in attorney's fees); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); *Morris v. Credit Bureau,* 563 F. Supp. 962 (S.D. Ohio. 1983) ($10,000 for stress, anxiety, humiliation, injury to his reputation , his work, his family, his sense of well-being); *Collins v. Retail Credit Co.,* 410 F. Supp. 924 (E.D. Mich. 1976) ($21,750 for loss of reputation, embarrassment, in recognition of the "many subtle and indirect adverse effects upon a personal, social and economic life", ($50,000 in punitive damages and $21,000 in attorney's fees); *Jones v. Credit Bureau of Huntington, Inc.,* 399 S.E.2d 694 (W. Va. 1990): Jury award of $4,000 compensatory $42,500 punitive, upheld; *Bryant v. TRW Inc.,* 689 F.2d 72 (6th Cir. 1982) ($8,000 for embarrassment and humiliation, attorney's fees $13,705); *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.,* 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA…for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman*, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989) (actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles*, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); *Southern Siding Company, Inc, v. Raymond,* 703 So.2d 44 (La. App., 1st Cir. 1997) (Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); *Venes v. Professional service Bureau*, 353 N.W. 2d 671 (Minn. Ct. App. 1984) ($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay*, 124

B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation).

Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. *See* <u>Belile</u>, <u>Crossley</u>, <u>Littles</u>, <u>Raymond</u>.

### III. PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff seeks to recover $1,000 in statutory damages and $1,000 for his emotional distress, as detailed in Plaintiff's affidavit. Additionally, Plaintiff seeks recovery of his attorneys' fees in the amount of $3,109.50 and reimbursement of court costs in the amount of $66.22.

### IV. ATTESTATION OF THE FACTS

Please see affidavit of Plaintiff attached hereto as **Exhibit A**.

### V. ATTORNEYS' FEES & COURT COSTS

Please see summary below. For a comprehensive list of Plaintiff's attorneys' fees, please see document attached hereto as **Exhibit B**.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| **Larry P. Smith** | 3.4 | $350.00 | $1,190.00 |
| **David M. Marco** | 7.3 | $250.00 | $1,825.00 |
| **Paralegal/Law Clerk** | 0.9 | $105.00 | $94.50 |
| | **TOTAL AMOUNT OF ATTORNEYS' FEES** | | $3,109.50 |
| | **COST FOR FILING COMPLAINT** | | $350 |
| | **COST OF SERVICE OF SUMMONS** | | $66.22 |

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN CANNON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SC & ASSOCIATES, LLC, as follows:

| | | |
|---|---|---:|
| 1. | Actual Damages | $1,000.00 |
| 2. | Statutory Damages | $1,000.00 |
| 3. | Attorneys' Fees | $3,109.50 |
| 4. | Court Costs | $ 66.22 |
| | **TOTAL:** | **$5,175.72** |

Respectfully submitted,
**KEVIN CANNON**

By: ___s/ David M. Marco___
Attorney for Plaintiff

Dated: August 18, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us